UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRICKLAYERS and ALLIED CRAFTWORKERS LOCAL 2,
ALBANY, NEW YORK PENSION FUND, et al.,

                        Plaintiffs,

                                                    1:23-cv-00851
            -v.-                                    (GTS)(TWD)

ASSOCIATED PROFESSIONAL INSTALLERS, INC., et al.,

                        Defendants.

_____

APPEARANCES:                        OF COUNSEL:

BLITMAN & KING, LLP                 DANIEL E. KORNFELD, ESQ.
Counsel for Plaintiffs
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, NY 13204


HANCOCK ESTABROOK, LLC              ROBERT C. WHITAKER, ESQ.
Counsel for Defendants              ERICA L. MASLER, ESQ.
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## <u>DECISION AND ORDER</u>

## I.    BACKGROUND

The Complaint in this action to recover fringe benefit contributions under the Employee

Retirement Income Security Act of 1974 ("ERISA") was filed on July 14, 2023.  Dkt. No. 1.

Plaintiffs thereafter filed Affidavits of Service indicating that Defendant Angel Fernandez

("Fernandez") was served with the Summons and Complaint on August 17, 2023, and Defendant

Associated Professional Installers, Inc. ("API") was served on August 22, 2023. Dkt. Nos. 5 (Fernandez) and 6 (API). Thus, Fernandez's response to the Complaint was due September 7, 2023, and API's response was due September 12, 2023. Neither Defendant filed a timely response to the Complaint, and the Plaintiffs, on September 15, 2023, requested that the Clerk of the Court enter a default. Dkt. No. 7. On September 18, 2023, a Clerk's Entry of Default was entered on the docket. Dkt. No. 9.

Thereafter, at the direction of the Court, Plaintiffs filed a status report on October 18, 2023, indicating they had served a subpoena on Defendants for financial information, and requesting that the Court grant a 90-day extension to file a motion for default. Dkt. No. 12. The Court granted that request and directed Plaintiffs to file a further status report or a motion for default by January 19, 2024. Dkt. No. 13. In the interim, on December 13, 2023, counsel for Defendants noticed their appearance, and requested by letter that the Clerk's Entry of Default be vacated. Dkt. Nos. 14, 15. Thereafter, Plaintiffs opposed Defendants' request, and asked to fully brief the default matter. Dkt. No. 16. The Court then directed Defendants to file a motion to vacate the default. Dkt. No. 17. Thereafter, Defendants timely filed a motion to set aside the Clerk's Entry of Default. Dkt. No. 19. Plaintiffs opposed that motion and cross-moved for a Court conference to request the Court to direct compliance with a subpoena for financial records served on Defendants. Dkt. No. 21. Defendants responded to the cross-motion and filed a reply in support of their motion to set aside the default with permission from the Court. Dkt. Nos. 24, 25, 26. These motions are now fully briefed. For the reasons that follow, Defendants' motion to set aside the default is granted, and the Plaintiffs' request for a conference is granted.

## II.      LEGAL STANDARD

In considering the request to vacate the Clerk's Entry of Default, "[t]he Court is mindful that default judgments are an extreme remedy and are generally disfavored."  *One West Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).  "Strong public policy favors resolving disputes on the merits."  *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996).  "The court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).

Although the rule does not define good cause, the Second Circuit has advised district courts to consider three factors in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party for whom default was awarded.  *Curry v. Penn Credit Corp.*, No. 6:15-cv-06360, 2015 WL 6674922, at *2 (W.D.N.Y. Nov. 2, 2015) (internal punctuation and citations omitted); *see also Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001).

## III.     DISCUSSION

In support of their motion, Defendant Fernandez submits a declaration under penalty of perjury stating English is a second language for him, and he received legal papers in late August of 2023, but did not understand that he or API were being sued.  Dkt. No. 19-1 at ¶¶ 2-4.  He did not receive anything from the Secretary of State about the lawsuit against API, nor did he receive other notifications related to the lawsuit.  *Id.* at ¶¶ 6, 7.  In September of 2023, Fernandez received a subpoena for documents and information, and spoke with Plaintiffs' counsel about the subpoena, but he was not told by Plaintiffs' counsel that a lawsuit was pending against him or API.  *Id.* at ¶¶ 8, 9.  He subsequently retained counsel and learned he had been sued, but he did

not deliberately fail to respond to the Complaint.  *Id.* at ¶¶ 14, 15, 16.  He also asserts he did not

enter into a direct contract with Plaintiffs and thus he disputes Plaintiffs' claims that he and API

are contractually responsible for the relief claimed by Plaintiffs.  *Id.* at ¶¶ 17, 18.

Counsel for Plaintiffs, in an affidavit, asserts Defendants were properly served, were

aware of the lawsuit and subpoena, and an individual from counsel's office had spoken to

Fernandez about the lawsuit and about complying with the subpoena.  Dkt. No. 21-1 at ¶¶ 3, 5, 7.

Counsel also spoke to Fernandez about the pending action, and his obligation to comply with the

subpoena, and wrote to Defendants about their failure to comply with the subpoena.  *Id.* at ¶¶ 9-

13.  Counsel asserts Defendants have been aware of the pending action since August of 2023,

and "were served with the Summons and Complaint, served with the Request for Entry of

Default, served with a Subpoena, served with a Federal Court status report, advised of the

pending action, and advised that if they did not comply with the Subpoena, Plaintiffs would seek

the Court's assistance."  *Id.* at ¶ 15.  Plaintiffs further submit an affidavit from the President of

Plaintiff Bricklayers and Allied Craftworkers Local 2, Albany, New York AFL-CIO who asserts

that Defendants were parties to labor agreements requiring Defendants to remit contributions to

the Plaintiffs.  *See generally* Dkt. No. 21-2.

In reviewing the factors the Second Circuit requires the Court to consider in deciding a

motion to set aside a default and in the context of the clear preference for resolution of cases on

their merits, the Court concludes that vacating the Clerk's Entry of Default is warranted here.

Nothing proffered by Plaintiffs suggest the default was willful.  Rather, English is a second

language for Defendant Fernandez and he did not understand Defendants had been sued.  Dkt.

No. 19-1 at ¶¶ 2-4.  Fernandez communicated with Plaintiffs' counsel after receipt of the

subpoena, which was served after the Clerk's Entry of Default, and he was not represented by

counsel when he communicated with Plaintiffs' counsel about the subpoena. *Id.* at ¶¶ 9-10. Thereafter, he sought counsel who promptly filed an appearance on behalf of Defendants. *Id.* at ¶¶ 10-14. Under these circumstances, the Court finds Defendants conduct is not so egregious as to rise to the level of willfulness and they have satisfactorily explained their delay in appearing in this lawsuit. *See, e.g.*, *Oscilloscope Pictures, Inc. v. Monbo*, No. 17-CV-7458, 2019 WL 2435644, at *6 (E.D.N.Y. Mar. 25, 2019) (default is willful if it is more than negligent or careless, but instead egregious and not satisfactorily explained) (citation and internal punctuation omitted).

Moreover, Plaintiffs have not demonstrated that vacating the Clerk's Entry of Default at this early stage of the litigation would prejudice them. "Prejudice results when delay causes the loss of evidence, creates difficulties in discovery, or provides greater opportunity for fraud and collusion." *Niepoth v. Montgomery Cnty. Dist. Attorney's Office*, 177 F.R.D. 111, 113 (N.D.N.Y. 1998) (citation and internal punctuation omitted). Plaintiffs have not presented any information indicating evidence has been lost or that any difficulties in discovery will be caused by vacating the Clerk's Entry of Default. In fact, Plaintiffs requested the Clerk's Entry of Default just three days after Defendant API's response to the Complaint was due and only eight days after Defendant Fernandez's response was due.

Defendants have also shown they have meritorious defenses by asserting there is no direct contract between Plaintiffs and Defendants that support the claims for benefits as alleged in the Complaint. Dkt. No. 19-1 at ¶¶ 17, 18. While Defendants have not conclusively established their defenses, this does not defeat their motion to set aside the default since "the Court prefers to resolve disputes on their merits." *Freeman v. Rochester Psychiatric Ctr.*, No.

12-CV-6045, 2013 WL 6230117, at *1 (W.D.N.Y. Dec. 2, 2013).  Under the circumstances

presented herein, the Clerk's Entry of Default is vacated.

IV.     **CONCLUSION**

Accordingly, for the reasons stated herein, it is hereby,

**ORDERED** that Defendants' letter motion (Dkt. No. 15) and motion to set aside the

default (Dkt. No. 19), are **GRANTED**; and it is further

**ORDERED** that the Clerk's Entry of Default (Dkt. No. 9) be **VACATED** and that

Defendants shall answer or otherwise respond to the Complaint on or before October 15, 2024;

and it is further

**ORDERED** that Plaintiffs' cross-motion (Dkt. No. 21) requesting a Court conference to

discuss compliance with the subpoena is **GRANTED** and a separate Text Notice for a

conference will be issued.

**IT IS SO ORDERED.**

Dated:  September 25, 2024
        Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge